*112
 
 PeaesoN, J.
 

 On the 2nd May,
 
 1828, the plaintiff’s intestate, executed to the defendants’ testator an absolute deed for his interest in certain property, therein described, in consideration of the sum of two hundred dollars, the receipt of which is acknowledged by the plaintiff’s intestate, and we are to assume that the money was then paid by the defendants’ testator.
 

 On the 10th of May,
 
 1834, the parties had a settlement, and the plaintiff’s intestate executed his note to the defendants’ testator for $179,57, expressed to be “ due for value.”
 

 On the
 
 24i/t
 
 May,
 
 1834, the defendants’ testator executed a deed, by which lie agrees, after retaining out of the property enough to pay him “ what the said Parmer” (the plaintiff’s intestate) “justly owes me,” to pay over the balance, if any, to Parmer. The deed of May, 1828, was then registei1-ed, to wit, at May Term, 1834.
 

 The question is, what did the plaintiff’s intestate
 
 justly owe
 
 the defendants’ testator in May, 1834 ?
 

 The note of $179,57, satisfied the words. But it is insisted that the $200, set out in the deed of 1828, should also be included. There is nothing in that deed to create a debt. The $200 was received as the price of the property. It may be, that in 1834, when the defendants’ testator agreed to let the plaintiff’s intestate have the balance, after retaining what the latter justly owed him, it was the intention to make a debt out of the $200. Such would be the natural inference, in the absence of any other facts, notwithstanding the silence of the deed of 1834, in regard to it, when it may reasonably be supposed it would have been expressed, if such had been the intention, unless the $200 had been paid or otherwise accounted for; but there is this further fact, that on the 10th of May, 1834, j ust before the execution of the deed, the parties had a settlement, and the note of $179,57, was then executed.
 

 This settlement and note, closing the balance, raises a presumption, that all matters of charge and discharge were taken into the account, especially as it is admitted, that the settle
 
 *113
 
 ment was made in'reference to the deed of defeasance, which, was in a few days afterwards executed.
 

 To rebut this presumption, the defendants allege that, in point of fact, the settlement only included ¡provisions and the like, advanced to plaintiff’s intestate after 1828, and that the $200 was not included in the settlement; and no evidence of it, as a debt, was required, because the parties supposed that the receipt in the deed of 1828, was sufficient for that purpose.
 

 It is unfortunate for the defendants, that they are unable to offer any proof of this allegation. The original settlement might have served their purpose, but that is not produced ; and in the absence of proof, being governed merely by the face of the papers, we are of opinion, that there is nothing to rebut the' presumption arising from the settlement and the execution of the note.
 

 We give no effect to the lapse of time, as the parties were not in an adversary position, and the fund was not received until 1852.
 

 The plaintiff’s first exception is sustained. The second is withdrawn. The report will be reformed accordingly.
 

 Pee CueiaM. Decree accordingly.